UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| | § |
| v. | § CRIMINAL NO. 3:14-CR-0367-B-45 |
| | § |
| ABRAHAM DIMAS, JR, | § |
| | § |
| Defendant. | § |

MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Abraham Dimas, Jr.'s Motion for Compassionate Release (Doc. 3622). For the following reasons, the Court **DENIES** Dimas's Motion for Compassionate Release **WITHOUT PREJUDICE**.

I.

BACKGROUND

In 2016, Dimas pleaded guilty to Possession with Intent to Distribute a Controlled Substance and Aiding and Abetting in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C) and 18 U.S.C. § 2 and was sentenced to 168 months of imprisonment. *See* Doc. 2900, J., 1–2. Dimas is 42 years old and is serving his sentence at Bastrop Federal Correctional Institution. He is scheduled for release in December 2026.[1]

Dimas filed a Motion for Compassionate release, where he argues that a change in the law, a defect in his plea agreement, and defects in his presentence report support reducing his sentence. *Id.* at 2. The Court considers the Motion below.

---

[1] The Court derives this information from the Bureau of Prisons ("BOP")'s Inmate Locator, available at https://www.bop.gov/inmateloc/ (last accessed July 30, 2025).

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). However, § 3582(c) provides limited exceptions to this general rule. *See id.* Relevant here is that under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692 (5th Cir. 2020) (quoting § 3582(c)(1)(A)(i)).

## III.

## ANALYSIS

The Court denies Dimas's Motion for Compassionate Release. First, Dimas did not prove that he exhausted his administrative remedies. Second, Dimas has not demonstrated any extraordinary and compelling reasons that would warrant compassionate release.

A.   *Dimas Has Not Demonstrated Proof of Exhaustion.*

A court can only accept a defendant's motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The exhaustion requirement is mandatory: "a court *may not* modify a term of imprisonment if a defendant has not filed a request with the BOP." *United States v. Franco*, 973 F.3d 465, 467–68 (5th Cir. 2020) (quotation omitted) (emphasis in original).

Here, the Court finds that Dimas has not satisfied the exhaustion requirement. In support of his Motion, Dimas claimed that he submitted two requests for compassionate release to the Warden but never received a response. Doc. 3622, Mot., 2. However, Dimas did not attach any evidence establishing the warden actually *received* his letter. *Id.* Thus, Dimas has failed to meet his burden of proving that he exhausted his administrative remedies. *See Carrera*, 2020 WL 6545982, at *2. Even though Dimas failed to satisfy the exhaustion requirement, the Court will still address the merits of his Motion.

B.  *Dimas Has Not Demonstrated Extraordinary and Compelling Reasons for Compassionate Release.*

Dimas has not shown "extraordinary and compelling reasons" warranting compassionate release. Section 3582(c)(1)(A)(i) does not define the "extraordinary and compelling reasons" that may merit compassionate release. *See United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021). Rather, Congress "delegated that authority to the Sentencing Commission," which was directed to "promulgate general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) that describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *Id.* (citations and alterations omitted).

Prior to the passage of the First Step Act, the Sentencing Commission issued a policy statement–U.S.S.G. § 1B1.13–that "sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 612 F. Supp. 3d 699, 700 (S.D. Tex. 2020) (citation omitted). The three circumstances are the defendant's medical condition, age, and

-3-

family situation. *See* U.S. SENT'G GUIDELINES MANUAL § 1B1.13 cmt. n.1.[2] But § 1B1.13 only applies to motions filed by "the Director of the [BOP]" and thus does not "bind[] a district court addressing a prisoner's own motion under § 3582." *Shkambi*, 993 F.3d at 392–93.

While not binding, § 1B1.13 and its commentary nonetheless inform the Court's analysis of a prisoner's motion as to what constitutes an extraordinary and compelling reason for compassionate release. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021). Considering Dimas's Motion in light of § 1B1.13, the Court concludes that Dimas has not provided "extraordinary and compelling reasons" warranting compassionate release.

Dimas argues that a change in the law supports a sentence reduction. *See* Doc. 3622, Mot. 2. Dimas contends that his sentence would be shorter today because some courts have held that they will not consider the purity of the methamphetamine when sentencing defendants convicted of possessing methamphetamine. *See id.* at 2. In support, Dimas points to a Southern District of Mississippi case. *See United States v. Robinson*, No. 3:21-CR-14-CWR-FKB-2, 2022 WL 17904534, at *3 (S.D. Miss. Dec. 23, 2022).

The *Robinson* case does not warrant a sentence reduction for two reasons. First, there has been no meaningful change in 21 U.S.C. § 841 or 18 U.S.C. § 2, the laws under which Dimas was sentenced. A change in the law does not occur simply because some district courts conclude that they should not consider the purity of the methamphetamine when sentencing criminal defendants. *United States v. Williams*, No. 1:18-CR-37-HSO-JCG-1, 2025 WL 1020787, at *3 (S.D. Miss. Apr. 4, 2025). Even though these cases were decided after Dimas's sentence, "[a] decision of a federal district

---

[2] The policy statement also provides a catch-all provision for "an extraordinary and compelling reason other than, or in combination with," the three circumstances set forth above, "[a]s determined by the Director of the [BOP]." § 1B1.13 cmt. n.1.

court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." *Id.* (quoting *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011)).

Second, a non-retroactive change in the law is not an extraordinary and compelling reason justifying compassionate release. *United States v. Austin*, 125 F.4th 688, 692 (5th Cir. 2025). "Under settled Fifth Circuit precedent, 'extraordinary' means beyond or out of the common order, remarkable, and synonymous with singular." *Id.* (quotations omitted). Thus, a non-retroactive change in the law cannot be extraordinary because it applies equally to "every prisoner previously sentenced under that provision." *Id.* Therefore, the Court rejects Dimas's first argument.

Next, Dimas contends that his plea agreement had a defect which necessitates compassionate release. Doc. 3622, Mot., 2. However, a defendant may not challenge the adequacy of his plea agreement in a motion for compassionate release. *See United States v. Williams*, No. 24-50534, 2025 WL 1912754, at *3 (5th Cir. July 11, 2025) ("A motion for compassionate release is not the proper vehicle for challenging a federal conviction."). Thus, the Court rejects this argument.

Lastly, Dimas argues that his presentence report contained an error that warrants compassionate release. *See* Doc. 3622, Mot., 2. Specifically, he argues that the report was conclusory and incorrectly calculated his guideline range. *Id.* at 9–11. But "a prisoner cannot use [a motion for compassionate release] to challenge the legality or the duration of his sentence." *United States v. Escajeda*, 58 F.4th 184, 187 (5th Cir. 2023). Accordingly, the Court rejects this argument as well.

In sum, Dimas's personal circumstances do not rise to the level of extraordinary and compelling as necessary to warrant compassionate release. Given these threshold obstacles to

Dimas's Motion, the Court need not consider the sentencing factors set forth in 18 U.S.C. § 3553(a).

## IV.

## CONCLUSION

For these reasons, the Court **DENIES** Dimas's Motion for Compassionate Release (Doc. 3622) **WITHOUT PREJUDICE**.

By denying Dimas's Motion without prejudice, the Court permits Dimas to file a subsequent motion for compassionate release in the event he demonstrates: (1) a change in circumstances rising to the level of extraordinary and compelling; (2) that he satisfied the exhaustion requirement with respect to those circumstances; and (3) that the 18 U.S.C. § 3553(a) sentencing factors support his release.

**SO ORDERED.**

**SIGNED: August 7, 2025.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE